IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE A. YBARRA,

        Plaintiff,

  v.                                                                 Civil Action 2:16-cv-366
                                                                    Judge Algenon L. Marbley
                                                                    Magistrate Judge Jolson

KENNETH W. OSWALT, et al.,

        Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, has filed a motion for leave to proceed *in forma pauperis*. (Doc. 1). In the complaint attached to the motion, Plaintiff alleges that he is entitled to release immediately because he was prosecuted unlawfully pursuant to "an invalid protection order," in violation of his due process rights. *Id.*, Ex. 1 at 5–6. Additionally, Plaintiff requests that the Court award him "appropriate monetary compensation . . . because of the mental and emotional stress" he has "endure[d] for the last three (3) years." *Id.*

The motion for leave to proceed *in forma pauperis* is GRANTED. (Doc. 1). All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, this Court concludes that this action cannot proceed.

Plaintiff brings a "hybrid" action requesting two different kinds of relief—an order that, if issued, would cause him to be released from prison and a money judgment. *Cargile v. Ohio Adult Parole Auth., et al.*, No. 2:11-cv-1150, 2012 WL 359648, at *1 (S.D. Ohio Feb. 2, 2012). To the extent that Plaintiff is attempting to challenge the lawfulness of his confinement under the provisions of 28 U.S.C. § 2254, he is unable to bring such an action unless he "has exhausted the

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Plaintiff has not alleged that he exhausted his state court remedies attacking his confinement. Because such exhaustion is required by statute, his claim for habeas relief must be dismissed. Further, to the extent that Plaintiff intends to pursue a civil action for monetary damages under 42 U.S.C. § 1983 in connection with an alleged wrongful incarceration, that claim cannot proceed unless and until he demonstrates that his conviction or sentence has been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Because Plaintiff fails to allege that his conviction or sentence has been reversed, expunged, or otherwise invalidated, his § 1983 claim must be dismissed for lack of jurisdiction.

As set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED. (Doc. 1). Further, for the reasons stated, it is RECOMMENDED that Plaintiff's complaint be DISMISSED.

## Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date: May 11, 2016                         /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE