IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE A. YBARRA | : | |
| | : | Case No. 2:16-cv-00366 |
|     **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
|     v. | : | |
| | : | Magistrate Judge Jolson |
| KENNETH W. OSWALT, *et al.*, | : | |
| | : | |
|     **Defendants**. | : | |

**OPINION & ORDER**

Before the Court today is the objection of Defendant Jose A. Ybarra (Doc. 4) to the Magistrate Judge's **Report and Recommendation**. (Doc. 3.) On May 11, 2016, the Magistrate Judge issued the Report and Recommendation, recommending that this case be dismissed. For the following reasons, the Court **ADOPTS** the Report and Recommendation, and **DISMISSES** this action.

**I.  BACKGROUND**

Plaintiff, a pro se litigant, has been a state prisoner for the last three years following a conviction for violating a court-mandated protection order. (Doc. 3 at 1.) On April 25, 2016, Plaintiff commenced this action, alleging that he had been unlawfully prosecuted and convicted in violation of his Due Process rights under the Fourteenth Amendment to the United States Constitution. (Doc. 2 at 5.) Plaintiff seeks an immediate release from prison as well as monetary damages to compensate for "the mental and emotional stress" he has "endure[d] for the last three (3) years" while incarcerated. (*Id*. at 6.)

On May 11, 2016, the Magistrate Judge recommended that the action be dismissed. The

1

Magistrate Judge recommended that the claim for habeas corpus be rejected, due to Plaintiff's failure to exhaust all remedies available to him in state court. (Doc. 3 at 1-2.) In addition, the Magistrate Judge recommended that Plaintiff's claim seeking monetary damages be dismissed, because Plaintiff's conviction has never been reversed, expunged, or otherwise invalidated. (*Id.*) On May 23, 2016, Plaintiff filed an objection to the Report and Recommendation. (Doc. 4 at 1.) He again contended that his constitutional rights have been abridged, both by his conviction and his continued incarceration, and expressed gratitude that, after being ignored for three years by Licking County officials, the Magistrate Judge had responded to his complaint. (*Id.*)

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally and held to less stringent standards than documents drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Because Plaintiff moved the Court to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Magistrate Judge conducted an initial screening of the complaint under § 1915(e)(2), which provides that "the court shall dismiss the case at any time if the court determines" that the action

"fails to state a claim on which relief may be granted." In order to state a claim upon which relief may be granted, a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of Rule 8 is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, a complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Id.* at 679. A *pro se* civil rights complaint should be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. ANALYSIS

Plaintiff has brought a "hybrid" action, requesting both a release from confinement and a money judgment. *Cargile v. Ohio Adult Parole Auth.*, No. 2:11-cv-1150, 2012 WL 359648, at *1 (S.D. Ohio Feb. 2, 2012). 28 U.S.C. § 2254(a) authorizes a federal court to entertain an application for a writ of habeas corpus pursuant to a state court judgment that Plaintiff's custody is in violation of the United States Constitution. However, a federal court may consider such an application only if the Plaintiff can show that he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A claim is considered exhausted if the state

3

prisoner has pursued "one complete round of the State's established appellate review process" before presenting a claim in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Plaintiff has not alleged that he appealed his conviction and in his complaint, he acknowledged that he failed to utilize the state prisoner grievance procedure. (Doc. 2 at 2-3.) While Plaintiff asserts in his objection that he has "spent the last three years trying to get Licking County to n[o]tice [his] motions" (Doc. 4), this statement is insufficient to show that Plaintiff has satisfied the exhaustion requirement.

Plaintiff also seeks monetary damages stemming from his alleged unlawful prosecution and conviction. (Doc 2 at 5.)  A plaintiff cannot bring a cause of action for damages under 42 U.S.C. § 1983 if the underlying conviction has never been reversed, expunged, invalidated, or subject to a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's objection is unresponsive to the Magistrate Judge's Report and Recommendation on this point. Because Plaintiff's conviction has never been invalidated, his claim for monetary damages under § 1983 must also be dismissed.

## IV.  CONCLUSION

The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 3) based on its independent consideration of the analysis therein. Plaintiff's complaint is **DISMISSED**.  The Clerk is directed to enter judgment for Defendants.

**IT IS SO ORDERED.**

                                                      s/ Algenon L. Marbley
                                                     **ALGENON L. MARBLEY**
                                                     **UNITED STATES DISTRICT JUDGE**

**DATED:  June 17, 2016**